JOHN BLACK & another *vs.* JAMES H. MITCHELL & another.

In an action of tort brought by the assignees of an insolvent debtor for the conversion of property of the debtor taken and sold by the defendant under a claim of a lien or pledge securing the whole amount of his debt to them, the jury returned a general verdict for part of the proceeds of the sale. *Held,* that the defendants might prove the balance of their debt, deducting so much of those proceeds as had not been thus recovered of them, notwithstanding the *St.* of 1838, *c.* 163, § 3.

APPEAL from the disallowance by a commissioner of insolvency, of the claim of Black & Co. against the estate of Perry & Mayo, insolvent debtors, of which the defendants were assignees, consisting of a correct statement of the debts due to them from Perry & Mayo, less so much of the proceeds of wood and coal sold by them under a claim of pledge or lien for their whole debt, as was not recovered of them by the assignees in an action of tort for the conversion of the wood and coal, reported in 6 Gray, 100. The case is stated in the opinion.

*J. J. Clarke & L. Shaw, Jr.,* for the plaintiffs.

*A. C. Washburn,* for the defendants.

MERRICK, J. The only question in controversy in the present case is, whether payment of the balance of the claims of the appellants against the estate of Perry & Mayo, the insolvents here represented by the appellees, as shown in the account of the appellants, was recovered under and by virtue of the agreement and

arrangement set forth and specified in the former case between these parties, which by their agreement makes part of the statement of facts in this. *Mitchell* v. *Black,* 6 Gray, 100. For the appellants admit that, if they had any lien upon the wood and coal which they took and sold, or any mortgage or pledge of it for securing payment of the balance remaining due to them, they cannot be allowed, as they did not make the sale under the order of the judge or commissioner of insolvency, to prove any part of said balance as a debt against the estate of the insolvents. This is the position assumed by the appellees. *St.* 1838, *c.* 163, § 3. There is therefore no difference between the parties in relation to the rule of law by which their respective rights are to be determined.

In recurring to the report of the judge in the former case, it appears that the entire value of the coal and wood taken and sold by the appellants from the wharf of Perry & Mayo on the 31st of December 1851 was $5,475.75, and that they realized this amount as the proceeds of sale. They claimed that they had a lien upon, or a mortgage or pledge of it, as security for the whole amount of the debt due to them. But this claim was denied by the assignees, who contended that some of the notes which constituted a part of the aggregate debt due to the appellants were not indorsed by them within and in pursuance of the arrangement and agreement by force of which their right of lien or mortgage was created; and that even if that arrangement or agreement was valid in law, which was a question expressly reserved for the determination of the whole court, they had received from said sales more than was sufficient to pay them the whole of this part of their debt which was thus secured; and that for any balance beyond that which the appellants were entitled to retain in payment of the debt for which the property sold by them was held as security, the assignees had a right to recover in that action. This was one of the questions of fact, submitted to the determination of the jury in that case; and by their verdict, which was in favor of the assignees for the sum of $2,245.27, it is shown that the appellants failed to maintain their position that payment of the

whole of the indebtedness of Perry & Mayo was secured by the wood and coal taken and sold as before mentioned. It follows, as a necessary consequence from the facts thus established by the verdict, that they had a lien or mortgage on the property only to the amount of $3,230.48, and that none of the remaining part of their claim against Perry & Mayo was secured by any conveyance of or valid incumbrance upon the property.

The only circumstance tending to create the least embarrassment or difficulty upon this question arises from the omission of the jury to state, as was an unavoidable consequence of the rendition of a general verdict, so that the parties might upon their finding be at once able to discriminate between what items in the aggregate of the debt of the appellants were, and what were not, secured under said arrangement and agreement. But although it made no statement in detail upon this subject, still the verdict of the jury established the fact, that only $3,230.48 of the debt due to the appellants was secured, and that for the residue they held no security. The conclusion to be deduced from these facts is inevitable. The balance claimed by the appellants was not protected or provided for by any security; and therefore the objection urged against their right to prove it against the estate of the insolvents is unfounded.

Some reliance was placed by the appellees upon the remark, at the close of the opinion of the court in the former case, that, " as the jury have found that the value of the property is less than the amount due to the defendants for which it was pledged, their verdict is correct." But on recurring to the report, there is an obvious mistake in this sentence of the opinion. It is not difficult to see how the error should be corrected. The word " more " should have been inserted in the place of the word " less;" for the verdict upon which judgment was ordered to be rendered in favor of the assignees was for a part of the proceeds of the sale of the wood and coal. If the lien had protected the whole debt of the appellants, the verdict must necessarily have been in their favor.

The conclusion therefore is that the order of the commissioner of insolvency, from which the appeal in this case is made,

must be reversed, and that the appellants be allowed to prove the balance of their claim, namely, $5,195.48, against the estate of the insolvents; that the case be remitted to the court of insolvency for that purpose; and that the appellants recover the costs upon this appeal.